**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

FINANCIAL INFORMATION
TECHNOLOGIES, INC.,

      Plaintiff,

v.                                                                          CASE NO:  8:15-cv-2784-T-30AEP

MARK LOPEZ,

      Defendant.

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Remand (Dkt. 8) and Defendant's Response in Opposition (Dkt. 13).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## DISCUSSION

On or about September 30, 2015, Plaintiff Financial Information Technologies, Inc. filed this action in state court against Defendant Mark Lopez, a former employee, seeking declaratory and monetary relief related to breach of contract, misappropriation of trade secrets, tortious interference, and violation of Florida's Deceptive and Unfair Trade Practices Act.

On November 24, 2015, Plaintiff served its response to requests for admissions that indicated the amount in controversy exceeded $75,000.  On December 3, 2015, Defendant removed the action based on diversity of citizenship.  On December 14, 2015, Plaintiff filed

a motion to remand arguing that the removal was defective because it alleged that Defendant was a resident of Maryland—in other words, the removal did not properly allege that Defendant was a citizen of Maryland.  The motion also questioned whether Defendant was truly a Maryland citizen.

On December 15, 2015, Defendant filed an amended notice of removal.  The amended notice alleges that Lopez is a citizen of Maryland.  Defendant's response to Plaintiff's motion to remand also includes Defendant's affidavit that also demonstrates he is a citizen of Maryland.

The Eleventh Circuit dictates a liberal approach with respect to permitting a defendant to correct deficiencies of citizenship in a notice of removal.  *See Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297 (11th Cir. 2009) (holding that if a plaintiff moves to remand because of a defendant's failure to adequately allege diversity of citizenship in the notice of removal, the "district court should allow [the defendant] to cure the omission") (internal quotations omitted) (alterations supplied).  Defendant's amended notice of removal and response indicate that diversity jurisdiction is present in this case.

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion to Remand (Dkt. 8) is denied.

**DONE** and **ORDERED** in Tampa, Florida on January 4, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies Furnished To:
Counsel/Parties of Record